KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Florence HUFFMAN, Respondent.

No. 94–SC–898–KB.

Supreme Court of Kentucky.

Feb. 16, 1995.

Reconsideration Denied Aug. 24, 1995.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for complainant.

James H. Newberry, Jr., Newberry, Hargrove & Rambicure, PSC, Lexington, for respondent.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association, has recommended that respondent be suspended from the practice of law for a period of four years. She was found to be guilty of violation of the canons of professional ethics by engaging in illegal conduct involving moral turpitude; conduct involving dishonesty, fraud, deceit or misrepresentation; and conduct which reflects adversely on the lawyer's fitness to practice law.

The facts are not in dispute. In April of 1986, respondent went to work for the Fayette County Attorney's Office during the tenure of Norrie Wake. While in the office, respondent and others became politically active, desiring that Wake run for Attorney General. Their ultimate goal was to see Norrie Wake elected governor. Standing in the way of Wake's ascension was a substantial campaign debt accumulated during his successful bid for the office of County Attorney. To discharge these debts, employees in the County Attorney's office conspired to obtain raises for themselves which they would then return in cash to the County Attorney's office manager, who in turn would give this cash to Norrie Wake for the reduction of his campaign debt. The source of the raises was from both state and federal funds available to the County Attorney's office.

The respondent admitted that she voluntarily participated in a kickback scheme whereby she paid $125.00 to $130.00 per week, from April 22, 1988 to April 7, 1989, to assist Mr. Wake in reducing the campaign debt. The respondent has admitted that she knew it was illegal and wrong when she agreed to assist in the conspiracy. After this money laundering scheme ceased, respondent kept the raise in salary until she left the office in July of 1989 to become in-house counsel for a Lexington businessperson. In 1991, respondent went to work for the Kentucky Department of Education, serving as an attorney who prosecuted the removal of unethical teachers.

In September or October of 1992 respondent contacted the U.S. Attorney's office and offered to provide incriminating information about Norrie Wake in exchange for immunity for herself and several others in the office. Having been given immunity, respondent testified before the Grand Jury against Mr. Wake in December of 1992. In July of 1993, Wake was convicted of conspiring with the respondent and others to retire his campaign debt by authorizing substantial salary raises and subsequent kickbacks. He was also convicted of mail fraud which resulted from the mailing of a false campaign statement to the Kentucky Registry of Election Finance.

Because of her involvement in the kickback scheme, the respondent was asked to leave the Department of Education on June 1, 1993. The following day, respondent began work for the former manager of the Fayette County Attorney's Office, where she remains today.

While respondent has no quarrel with the factual findings of the Board of Governors, she contends that a four year suspension from the practice of law is excessive. In support of this view she says she has informally suspended herself from the practice of law during the pendency of this matter because she did not want to inconvenience clients if she were later formally suspended from the practice of law. For this, she has asked that her time of voluntary suspension act as "time served" on the four year suspension recommended by the Board of Governors.

Respondent's voluntary decision to refrain from the practice of law does not mitigate the term of punishment in the present case. A self-serving discontinuance of practice is insufficient to justify departure from the usual practice of having the period of suspension run from the date of final action by this Court. The Board of Governors recommended four years and we agree. Suspension of four years for participating in a money laundering scheme involving government money to further the campaign hopes of a political aspirant is hardly excessive.

Respondent argues that the imposition of a four year suspension will discourage others from coming forward with similar stories. We do not agree. In fact, respondent's suspension should encourage other attorneys to fulfill their legal and ethical obligation to refrain from such conduct.

Pursuant to SCR 3.370(9), this Court adopts the decision and recommendation of the Board of Governors as to all matters pertaining to the respondent Florence Huffman.

THEREFORE, IT IS HEREBY ORDERED as follows:

1. That the respondent Florence Huffman is hereby suspended from the practice of law in Kentucky for a period of four (4) years. The period of suspension shall commence on the date of entry of this Order and continue until such time as she is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2. Respondent is directed to pay the cost of this action in the amount of $370.10.

3. Pursuant to SCR 3.390, respondent shall, within ten (10) days from the date of entry of this Order, notify all clients in writing of her inability to represent them and to furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur, except STEPHENS, C.J., not sitting.

ENTERED: February 16, 1995.

/s/ Charles M. Leibson
Deputy Chief Justice